**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

UNITED STATES OF AMERICA　　　　)
　　　　　　　　　　　　　　　　　)　　　No. 1:05-cr-00108-001-CLC-CHS
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
WILLIAM LARRY FISHER　　　　　　)

## <u>MEMORANDUM AND ORDER</u>

WILLIAM LARRY FISHER ("Defendant") came before the Court for an initial appearance on February 17, 2026, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 64] (the "Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Everett Hoagland to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Chris Poole explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing, but requested that he not be detained because of his medical condition. The Court conducted a truncated detention hearing.

The Government relied upon the Petition which contains information substantiating that Defendant has continued to abuse methamphetamine. The evidence does suggest that Defendant is addicted to methamphetamine and continues to abuse this substance in violation of his conditions of supervision. On the other hand, Defendant's counsel represented to the Court that Defendant recently had an accident resulting in a broken neck which required emergency surgery on the fourth and fifth vertebrae of his neck on January 5, 2026, and that: (1) his fragile medical condition renders him in no condition to be a danger to the community or a flight risk; and (2) Defendant cannot get adequate post-surgical treatment for his broken neck in a local jail. The Court observed that Defendant was wearing a large, metal neck brace which severely limited the

1

movement of his head and neck during his court appearance and that he appeared to be in significant discomfort.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release. It appears that Defendant has continued to use methamphetamine despite the fact that doing so is in violation of the conditions of his supervised release. On the other hand, the Court also finds that Defendant's medical condition (i.e., post-surgery broken neck) mitigates the risk that he will flee or pose a danger to any other person or to the community. The Court further finds that Defendant's medical problems are sufficiently severe that it would be very difficult for him to receive appropriate medical treatment in a local jail. Consequently, the Court **DENIED** the Government's oral motion to detain Defendant pending disposition of the Petition and, instead, released Defendant on bond subject to the Order Setting Conditions of Release [Doc. 68].

It is, therefore, **ORDERED** that:

1.  The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending the revocation hearing is **DENIED**.

2.  Defendant is **RELEASED ON BOND** subject to the Order Setting Conditions of Release [Doc. 68]

3.  Defendant shall appear in Court for a revocation hearing before the Honorable United States District Judge Curtis L. Collier on **April 22, 2026, at 2:00 p.m.**

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE